**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRADLEY R. CONROY**, <br> Plaintiff, <br> v. <br> **RIDGE TOOL COMPANY, ET AL.**, <br> Defendants. | Case No. 4:20-cv-05882-YGR <br><br> **ORDER DENYING MOTION TO REMAND** <br><br> Re: Dkt. No. 13 |

Plaintiff Bradley R. Conroy brings this action against defendants Ridge Tool Company, ("Ridge"), Cal Steam, Inc. ("Cal Steam"), and Ferguson Enterprises, Inc. ("Ferguson") seeking damages for negligence and strict product liability. Conroy originally filed his complaint in the Superior Court of California, County of San Francisco, on February 14, 2020. (Dkt. No. 1, Notice of Removal ("NOR") ¶ 1.) On August 20, 2020, Ridge removed the action to this Court asserting diversity jurisdiction. (NOR ¶¶ 5-12.)

Now before the Court is Conroy's motion to remand. (Dkt. No. 13 ("Remand").) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **DENIES** Conroy's motion to remand.

**I.    BACKGROUND**

Conroy served the three defendants on separate dates: Conroy served Ridge on July 24, 2020; Cal Steam on July 28, 2020; and Ferguson on August 7, 2020. (Remand at 5.) Ridge removed within thirty days after service of summons and the complaint. (NOR ¶ 3.) Ridge's notice of removal initially did not join Cal Steam or Ferguson. (Remand at 6.) On September 16, 2020, Ridge's counsel spoke with Ferguson's counsel, who told Ridge that Cal Steam was an affiliate of Ferguson. (Dkt. No. 14-1, McNulty Decl., ¶ 7.) On September 18, 2020, more than thirty days after Cal Steam and Ferguson were served, Ferguson's counsel filed joinders to Ridge's removal on behalf of both Ferguson and Cal Steam. (*Id.* (citing Dkt. Nos. 12, 12-1).) Conroy then filed this motion that same day, on September 18, 2020.

1     With respect to the jurisdictional requirements for diversity jurisdiction, although the complaint does not specify an amount in controversy, Ridge asserts that the amount in controversy exceeds $75,000 exclusive of interests and costs. (NOR ¶ 12.) Conroy does not dispute the amount in controversy. Instead, the parties disagree regarding whether there is complete diversity of citizenship among the parties. It is undisputed that Conroy is a citizen of the United States, domiciled in California; Ridge is incorporated in Ohio with its principal place of business in the same state; and Ferguson is incorporated in Virginia with its place of business in the same state. (*See id.* at ¶¶ 7-9.)

The parties differ on Cal Steam. Conroy alleges that Cal Steam "was and is a corporation existing and doing business in California." (Dkt. No. 1-1, Complaint ("Compl.") at Exh. 1 ¶ 4.) Ridge avers that Cal Steam is a non-existing corporation due to a merger around December 31, 2015. (NOR ¶ 10.) Ridge further asserts that prior to the merger Cal Steam was incorporated in Virginia with its principal place of business in the same state. (*Id.*)

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a "strong presumption against removal jurisdiction" when evaluating a motion to remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). The party seeking removal "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.  ANALYSIS

Conroy argues that removal should be granted on three independent grounds: (1) complete diversity under 28 U.S.C. section 1441(b) does not exist because the complaint alleges that Cal Steam is a citizen of California; (2) Ridge's notice of removal is procedurally defective under 28

2

U.S.C. section 1446(b) because neither defendant Cal Steam nor defendant Ferguson joined Ridge's notice of removal within a 30-day limit; and (3) the notice of removal does not sufficiently explain why Ridge did not join the other defendants. The Court considers each in turn.[1]

### A.   Complete Diversity

District courts have jurisdiction over actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000 "exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "A civil action otherwise removable only on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). "Diversity jurisdiction is based on the status of the parties at the outset of the case . . . ." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005). The party seeking to invoke diversity jurisdiction bears the burden of proof. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001).

Here, Conroy alleges the following in the complaint:

> Cal STEAM, Inc., also known as CAL STEAM SUPPLY, also known as WIA of CALIFORNIA . . . was and is a corporation existing under the laws of the State of California, and was at all times herein mentioned authorized and/or qualified to do business, and was and is doing business, in the City and County of San Francisco, State of California.

(Compl. ¶ 4.) As common with state court pleadings, whether Conroy clearly alleged Cal Steam's citizenship is unclear, though "existing under the laws" presumably indicates state of incorporation. Moreover, in briefing on the motion to remand, Conroy does not maintain that Cal Steam is a California corporation, instead only stating that "Cal Steam *appears* to be a California citizen." (Remand at 10) (emphasis added).)

"[The] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Ridge avers that Cal Steam

---

[1] In reply, Conroy also argues that because Ferguson and Cal Steam appeared to have changed their counsel to another firm, Ridge's opposition must be stricken. However, on October 26, 2020, the Court granted a motion to substitute attorney Michael G. King in place previous counsel. (Dkt. No. 21.) Thus no basis exists to strike the opposition and the Court **DENIES** Conroy's request.

3

1 merged out of existence around Dec. 31, 2015, around two years prior to the events that gave rise to
2 the instant action. Ridge further asserts that even if Cal Steam survived the mergers, it was not a
3 California corporation for the purposes of diversity. Ridge expressly states that Cal Steam "was a
4 Virginia corporation with its principal place of business in Virginia." (NOR ¶ 10.)

The Court is persuaded by Ridge. Ridge provides copies of documents and printouts related to certifications, mergers, articles of incorporation, and other relevant documents from the websites of the Secretary of State of Virginia, the Secretary of State of California, and the State of Incorporation Commission of Virginia. The documents show that around December 31, 2006, various California corporations including "Cal Steam Supply" and several other corporations named "Cal Steam," ceased to exist when they merged into WIA of California ("the surviving corporation"), a corporation incorporated in Virginia. (Dkt. No. 1-1, McNulty Decl., Exh. 8.) In January 2, 2007, WIA of California filed a "Statement and Designation by Foreign Corporation" in California, stating that it would do business in California as "Cal-Steam." (*Id*. at Exh. 7, at 3.) Around June 2007, WIA of California changed its name to "Cal-Steam, Inc." (*Id*. at Exh. 7, at 6.)

By December 31, 2015, records from the Secretary of State of Virginia show that "Cal-Steam, Inc.," still a Virginia corporation, was "inactive" by reason of merger. (*Id*. at Exh. 6, at 1.) "Cal-Steam, Inc.," "a non-surviving entity," along with other corporations unrelated to this action, merged into "Ferguson Enterprises, Inc." around December 31, 2015. (Dkt. No. 14-1, McNulty Decl., Exh. A, at 1.) A notice was also filed that Ferguson would transact business from certain locations in California under the fictitious business name "Cal-Steam." (*Id*. at 1.)[2] On January 11, 2016, "Cal-Steam, Inc." filed a Certificate of Surrender of Right to Transact Intrastate Business with the Secretary of State of California. (*Id*. at Exh. 7, at 1.) As way of summary, the last time Cal Steam was a California corporation was in 2006, when it merged into WIA of California, a Virginia

---

[2] Conroy also argues that pursuant to the California Business and Professional Code sections 17910 and 17918, Cal Steam is barred from joining the removal because Cal Steam was required to file a fictitious name statement prior to maintaining an action. Without deciding whether the statute would apply to the facts of this case, Conroy's argument fails because the statute does not apply to tort actions. *Am. Alt. Energy Partners II v. Windridge, Inc.*, 42 Cal.App.4th 551, 562 (1996) (citing *Hydrotech Sys., Ltd. v. Oasis Waterpark*, 52 Cal.3d 988, 1001 (1991)).

1  corporation, prior to being renamed Cal Steam, which then merged into Ferguson, another Virginia
2  corporation.
3      Conroy does not dispute this evidence.  Instead, Conroy claims that its allegation that Cal
4  Steam is a California citizen is enough to destroy complete diversity.  To support this, Conroy
5  contends that the Court must resolve all material ambiguities in his favor in deciding the motion to
6  remand.  Conroy does not persuade.  Conroy only cites to a case noting the standard for evaluating
7  fraudulent joinder by plaintiffs seeking to prevent removal.  *See Macey v. Allstate Property and Cas.*
8  *Ins. Con.*, 220 F.Supp.2d 1116, 1117-18 (N.D. Cal. 2002).  Conroy has not shown that there is
9  fraudulent joinder of parties in this action.
10     Conroy further challenges the evidentiary basis for Cal Steam's citizenship.  Conroy avers
11 that Ridge equates Cal Steam's place of incorporation with its principal place of business, and has
12 not established that its principal place of business is Virginia.  Again, Conroy does not persuade.  A
13 corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and
14 of the . . . State where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  "Under the
15 'nerve center' test, a corporation's principal place of business 'should normally be the place where
16 the corporation maintains its headquarters—provided that the headquarters is the actual center of
17 direction, control, and coordination . . . and not simply an office where the corporation holds its
18 board meetings (for example, attended by directors and officers who have traveled there for the
19 occasion)."  *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citing *Hertz Corp. v. Friend*,
20 559 U.S. 77, 92-3 (2010)).  Here, Cal Steam (formerly WIA of California) and Ferguson were both
21 incorporated in Virginia.  Conroy is plainly mistaken as to where Cal Steam incorporated and does
22 not dispute Ridge's evidence that Ferguson's executive offices are located in Virginia.  (Dkt. No. 1-
23 1, McNulty Decl., Exh. 6, at 4.)  Conroy does not even allege or argue that Cal Steam's principal
24 place of business is California.  Indeed, the extent of the allegation is that Cal Steam "was and is
25 doing business" in California.  (*See* Compl. ¶ 4.)
26     Accordingly, Ridge has met its burden by a preponderance of the evidence that the complete
27 diversity requirement for diversity jurisdiction is met.  *See Geographic Expeditions*, 599 F.3d at
28 1106-07.

### B. Untimely Joinder and Unanimity

A notice of removal must be filed within thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b)(1). The "thirty-day period for [removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris*, 425 F.3d at 690-91 (alteration in original) (internal quotations and citation omitted). "[A]s long as the complaint, or an amended pleading, motion, order, or other paper does not reveal that the case is removable, the 30-day limit period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (citation omitted). A defendant may thus remove "outside the two-thirty-day periods on the basis of its own information, provided that it has not ran afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Ordinarily, all defendants who have been properly served must join a notice of removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1993 n.1 (9th Cir. 1988) (citation omitted). If all defendants who have been served have not joined a petition for removal, the court "may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011). "[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998) *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Although Ridge's initial notice of removal did not join Cal Steam or Ferguson, the September 18, 2020 joinder to removal was not untimely. Conroy's argument that removal was untimely fails for two reasons. First, Conroy relies primarily on overruled authority. *See e.g.*, *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1266 (9th Cir. 1999). Conroy claims that because Ridge was served on June 24, 2020, the deadline to join Cal Steam or Ferguson expired on August 24, 2020. Presumably, Conroy is referring to the first-served rule, where the first thirty-day removal clock begins to run when the first defendant is served. *See Destfino*, 630 F.3d

1   at 955.  The Ninth Circuit no longer applies the first-defendant rule.  *Id*. at 956.  Each defendant is
2   entitled to a thirty-day period for removal when a complaint is removable.  *Id*. at 956.  Moreover,
3   because Conroy's initial pleading was not removable on its face, the thirty-day clock for removal
4   did not start to run for any of the parties.  *See Harris*, 425 F.3d at 693, 695-96 (the period for
5   removal was not triggered because plaintiff's initial pleading did not affirmatively reveal
6   information regarding citizenship).

Second, Ridge's failure to join Ferguson and Cal Steam was cured.  As noted, Conroy cites to *Prize*, a case decided before *Destfino* abrogated the first-served rule.  Without citing to a statute, *Prize* states that that there is a "thirty-day statutory period permitted for joinder."  *See* 167 F.3d at 1261, *superseded by statute on other grounds, as recognized in Abrego Abrego*, 443 F.3d at 681.  In contrast, *Desftino* instructs that the timeline for joinder is not strict: if defendants who have been served have not joined a petition for removal, the court "may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment."  *See* 630 F.3d at 956-57.

Regardless, under either *Prize* or *Destfino*, there are no grounds to remand.  Cal Steam's and Ferguson's joinder was timely under *Prize*.  Each filed a Notice of Joinder to Ridge's removal on September 18, 2020, twenty-nine days after Ridge's removal.  (Dkt. No. 12 at 2; Dkt. No. 12-1, at 2.)  Under *Destfino*, Ridge and the other defendants cured the procedural defect.  *See* 630 F.3d at 956-57; *see also Parrino,* 146 F.3d at 703 (because initial failure to join was cured when defendant later joined in the notice two months after service, "remand on procedural grounds would be an empty formality");  *Simplis v. Culver City Police Dep't*, 2:10-cv-09497-JHN-MANx, 2011 WL 13133818, at *2 (C.D. Cal. Feb. 3, 2011) (analyzing *Destfino*'s precedential impact, though unspecified, defendants are not restricted to thirty days to join a notice of removal and, even if defendant's joinder is untimely, defendants are allowed to cure the defect).

Accordingly, even if there was a procedural defect in Ridge's NOR, the defect was cured when Cal Steam and Ferguson joined.

///

### C. Sufficiency of Explanation

Finally, Conroy argues that remand is warranted because Ridge did not explain the absence of other defendants. Ridge counters that the defect was cured.

"Where fewer than all defendants have joined in a removal action, the removing party has the burden . . . to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize*, 167 F.3d at 1266. If the removal notice is facially defective and the deficiencies remain uncured within the thirty-day period permitted for joinder, removal is improper. *Id.*, *but see Parrino*, 146 F.3d at 703 ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court"); *Destfino*, 630 F.3d at 956-57 (noting that if all defendants who have been served have not joined in removal, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment"); *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992) ("[In the Ninth Circuit] . . . defects in form of a removal petition are amendable at any time, not just within the original 30–day period for removal") (citing *Barrow Dev. Co. v. Fulton Ins. Co.,* 418 F.2d 316, 317 (9th Cir. 1969)); *Ireland v. Centralbanc Mortg. Corp.*, No. 5:12-cv-02991-EJD, 2012 WL 4181418, at *3 (N.D. Cal. Sept. 18, 2012) ("a clear statement in the Notice of Removal [explaining absence of co-defendants] could have prevented this motion altogether. But the shortcomings in jurisdictional allegations is not fatal . . . because they can be easily cured by amendment").

*Prize* did not provide a standard for evaluating the sufficiency of an explanation. Some courts, however, remand when there is no mention at all of the non-joining defendants *and* when co-defendants never join in the removal. *See* 167 F.3d at 1266 (removing party's notice of removal was facially deficient because it failed to explain why all co-defendants had not consented); *Parking Concepts, Inc. v. RSUI Group, Inc.* No. CV 09-5143 PSG (AJWx), 2009 WL 2973118, at *3 (E.D. Cal. Sept. 11, 2009) (remand granted because defendants did not mention rule of unanimity or explain any attempt to comply with it); *Canterbury Lots 68 LLC v. Esposito*, No. CV 5:11-01880 SVW (SSx), 2011 WL 6100967, at *2 (C.D. Cal. Dec. 5, 2011) (removal granted because defendant offered no explanation for absence of co-defendants); *Valley Forge Ins.*

8

*Co. v. APL Co. Pte.*, No. CV 09-09323 MMM (VBKx), 2010 WL 960341, at *3-5 (C.D. Cal. Mar. 16, 2010) (removing defendant failed to explain absence of defendants who never joined).

Here, Ridge mentioned Cal Steam and Ferguson, but did not affirmatively explain its failure to obtain Cal Steam's and Ferguson's consent. In the NOR, Ridge explained as follows:

> According to the court's online docket, on August 3, 2020, plaintiff filed a proof of service of summon and complaint on defendant CAL STEAM, INC., aka CAL STEAM SUPPLY, aka WIA OF CALIFORNIA, INC. ("Cal Steam"), stating Cal Steam was served on July 28, 2020. Cal Steam has not yet made an appearance. Ridge Tool is unaware if defendant FERGUSON ENTERPRISES, INC. has been served with the summons and complaint.

(NOR ¶ 4.) In opposition, Ridge further explains that it could not have obtained Cal Steam's consent because it had no information regarding Cal Steam's representation, Cal Steam had not made an appearance, and it had only some evidence that Cal Steam was an inactive corporation that had merged with another one (*e.g.* Ridge did not know that Cal Steam had merged into Ferguson when the NOR was filed). (Dkt. No. 14-1, McNulty Decl., at ¶ 5.) Regarding Ferguson, Ridge explains that the state docket did not show proof of service for Ferguson when Ridge filed its notice of removal.[3] Conroy counters that Ridge failed to exercise reasonable diligence, as a phone call to Conroy's counsel would have revealed that Cal Steam and Ferguson were served.

Conroy does not persuade. Even if Ridge did not exercise reasonable diligence in ascertaining whether Cal Steam and Ferguson were served, this is not fatal to removal because any resulting defect was cured when Cal Steam and Ferguson joined the notice of removal. *See Prize*, 167 F.3d at 1266 (because the removal notice was facially defective *and* the deficiencies uncured within the thirty-day statutory period, removal was improper) (emphasis added);[4] *Parrino,* 146 F.3d at 703 (["A] procedural defect existing at the time of removal but cured prior to entry of

---

[3] This information should have been in the notice of removal. For the purposes of this ruling, Ridge's opposition is treated as an amendment to the notice of removal. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

[4] In *Prize*, the Ninth Circuit was primarily concerned with the lack of unanimity, which was never cured: "the failure to adhere to the unanimity requirement rule is dispositive." 167 F.3d at 1266 n.4.

judgment does not warrant reversal and remand of the matter to state court"); *Loewen v. McDonnel*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *4-6 (N.D. Cal. June 5, 2019) (resulting defects from lack of reasonable diligence in confirming whether other defendants were served and inaccurate statements regarding whether other defendants were served were cured when consent was later obtained).

Accordingly, even if Ridge's explanation for why other defendants did not join was insufficient, any resulting defect has been cured.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Conroy's motion to remand. The Court further **SETS** a case management conference for **December 14, 2020** at **2:00 PM PST** via the Zoom Platform.

This Order terminates Docket Number 13.

**IT IS SO ORDERED.**

Dated: November 18, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**