*Not for Publication*

United States District Court

Northern District of California

| | |
|---|---|
| **Bradley R. Conroy**, Plaintiff, v. **Ridge Tool Company, et al.**, Defendants. | Case No. 4:20-cv-05882-YGR<br><br>**Order Denying without Prejudice Motion to Remand and Granting Motion to Strike**<br><br>Re: Dkt. Nos. 36, 40 |

On January 7, 2021, plaintiff Bradley R. Conroy filed a first amended complaint (Dkt. No. 34), which added as defendants Grainger Inc., Center Hardware and Supply Company ("Center Hardware"), and Pace Supply Corporation ("Pace"). Of these defendants, both Center Hardware and Pace are California companies, and their inclusion in this action would destroy subject-matter jurisdiction grounded on diversity jurisdiction. On this basis, Conroy filed on January 18, 2021 a second motion to remand back to California state court. (Dkt. No. 36.) Defendants Ridge Tool Company ("Ridge"), Cal Steam Inc. ("Cal Steam"), and Ferguson Enterprises Inc. ("Ferguson") opposed the motion, and cross filed a motion to strike the first amended complaint on several grounds, including, as relevant here, 28 U.S.C. § 1447(e). (Dkt. No. 40.) The motions were heard via the Zoom platform on March 16, 2021.

Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth in full detail on the record, the motion to remand is **Denied without Prejudice** and the motion to strike the first amended complaint is **Granted**. Specifically, and as the Court stated on the record, Conroy offers no specific allegations in the complaint as to the involvement of either Center Hardware and Pace with regards to the subject product at issue. Both Center Hardware and Pace are lumped together along with the initial defendants in generic overly broad allegations. Moreover, the record reflects that neither company has any records selling, or

for one defendant even carrying in its store, the make and model toilet augur at issue to Conroy's employer. Conroy's submitted declaration from his supervisor is insufficient in light of the declarations submitted by defendants relying upon business records. Having weighed the relevant factors, the Court concludes that amendment at this time to include Center Hardware and Pace is not permissible. *See Gross v. UnumProvident Life Ins. Co.*, CV 03–4335–SVW PJWX, 2004 WL 7091964, at *3-4 (C.D. Cal. Feb. 5, 2004). *See also Forward-Rossi v. Jaguar Land Rover N.A., LLC*, 2:16-cv-00949-CAS (KSx), 2016 WL 3396925, *2 (C.D. Cal. 2016) (applying substantively similar five-factor test).

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Conroy's motion to remand and **GRANTS** defendants' motion to strike the first amended complaint. To the extent that later discovery indicates that the toilet augur at issue was related to (*e.g.* sold, maintained, or serviced by) Pace or Center Hardware, Conroy may submit a motion requesting leave to file an amended complaint to add the appropriate defendants at that time.

This Order terminates Docket Numbers 36, and 40.

**IT IS SO ORDERED.**

Dated: March 18, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**